(55 Misc. Rep. 220)

CLAUSEN v. VONNOH

(Supreme Court, Appellate Term. June 27, 1907.)

CONTRACTS—PERFORMANCE—SATISFACTION OF PARTY.

Where an artist agreed to paint a certain portrait to the satisfaction of a patron, the patron was the sole judge of whether it was satisfactory, and unless he was satisfied the portrait did not fulfill the contract.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, § 1288.]

Appeal from City Court of New York.

Action by William Clausen against Robert W. Vonnoh. From a judgment for defendant, and an order overruling a motion for new trial, plaintiff appeals. Reversed and remanded.

Argued before GILDERSLEEVE, P. J., and SEABURY and PLATZEK, JJ.

Jerome Eisner, for appellant.

Sherrill Babcock and J. Tufton Mason, for respondent.

PLATZEK, J. This action was brought to recover $500, balance alleged to be due for work and labor performed by the plaintiff for the defendant. The defendant admitted that the work and labor was done, but denied that he was indebted to the plaintiff in the sum of $500, or any other sum. For a separate answer and defense defendant alleges as follows:

"Second. That after the claim, as alleged in the complaint, had accrued, and before this action, to wit, on or about the 8th day of September, 1905, the plaintiff and defendant made the following agreement to wit:

"'New York, September 8th, 1905.

"'I, Robert W. Vonnoh, do hereby agree and promise to deliver unto William Clausen one (1) life size or thereabouts portrait, oil "ideal," for in consideration of five hundred dollars due on my account, and, whereas, on delivery of same all indebtedness incurred until date Sept. 8, '05, will be liquidated.

"'W. M. Clausen.'

"Third. That defendant afterwards, according to said agreement, tendered to said plaintiff the said portrait described in the aforesaid agreement."

The plaintiff, upon being called and sworn in his own behalf, testified that:

"The picture was to be an ideal life-size head. It had to be worth $500, and had to be to my satisfaction. * * * The picture he sent me I did not want, and I told the messenger to take it back."

Upon the recall of the defendant he testified:

"I made a statement to him [plaintiff] that it would be painted to his satisfaction. That is the reason I made the contract. Upon that stands the whole thing. Yes; I did have a conversation, after I made the contract, in which I agreed to paint a picture to his satisfaction."

The case was submitted to the jury; the trial justice charging:

"If you find that the parties agreed that Mr. Vonnoh was to paint a picture for Mr. Clausen which was to be worth at least $500, and was to be to the satisfaction of Mr. Clausen, it is for Mr. Clausen to say whether he was satisfied with the picture; and if you find that that was the agreement, and that Clausen was not satisfied with the picture, you should find in favor of Mr. Clausen."

The plaintiff's counsel moved to set aside the verdict, which motion was denied.

This case comes directly within that class of cases where it has been held that, where the services to be performed are to satisfy the taste, fancy, or judgment of the person for whom the work is to be done, he may determine for himself whether it is satisfactory, and such determination will be binding. The cases bearing upon this question

are set out in full in an opinion of this court in the April term, written by Mr. Justice Seabury, in the case of Haehnel v. Trostler, 104 N. Y. S. 533, not yet officially reported. There was no dispute in the case at bar as to the fact that the picture to be made by the defendant was to be to the plaintiff's satisfaction. The verdict was, therefore, against the undisputed evidence, and should have been set aside.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.